# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————————

### No. 201600308

————————————————

### UNITED STATES OF AMERICA
Appellee

v.

### LUKAS COXBORBA
Lance Corporal (E-3), U.S. Marine Corps
Appellant

————————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major Forrest W. Hoover, USMC.
Convening Authority: Commanding General, 2d Marine Division, Camp Lejeune, NC.
Staff Judge Advocate's Recommendation: Lieutenant Colonel Winston G. McMillian, USMC.
For Appellant: Lieutenant R. Andrew Austria, JAGC, USN.
For Appellee: Commander Joseph E. Stolasz, JAGC, USN; Lieutenant Jetti L. Gibson, JAGC, USN.

————————————————

Decided 27 July 2017

————————————————

Before GLASER-ALLEN, MARKS, AND RUGH, *Appellate Military Judges*

————————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————————

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of assault upon a person in the execution of law enforcement duties, negligent discharge of a firearm, and reckless endangerment, in violation of Articles 128 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 928 and 934 (2012). The military judge

sentenced the appellant to 18 months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged but, pursuant to a pretrial agreement, suspended confinement in excess of 12 months. He then ordered the sentence, except for the discharge, executed.

In his sole assignment of error, the appellant contends that his sentence of a bad-conduct discharge is inappropriately severe since his misconduct was related to a suicide attempt. After careful consideration of the record of trial and the pleadings of the parties, we conclude that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

On 16 August 2015, the appellant and his wife got into a loud verbal argument concerning her alleged infidelity during his recent deployment. The police responded, and the appellant was removed from the home by his platoon sergeant. After the appellant expressed suicidal ideations, his platoon sergeant transported him to the Camp Lejeune Naval Hospital Emergency Room (ER) for a mental health evaluation. After being evaluated, the appellant was released under command supervision until his follow-up appointment the next day. He was then transported to the command barracks at Camp Lejeune.

While at the barracks, the appellant got into an argument with the duty noncommissioned officer and fled into the nearby woods. Police officers responded to this incident and heard the appellant telling them to shoot him. After the appellant was apprehended, a military police officer took him back to the ER, where they met with his platoon sergeant and another command representative, a sergeant.

In the waiting area, the appellant was supervised by the military police officer, the platoon sergeant, and the sergeant. Several other patients sat in close proximity to the appellant waiting to be seen, including—directly across from the appellant—an Army Sergeant First Class (SFC) (E-7) and her three-year-old son. ER staff was on site, as well. The appellant suddenly unholstered the military police officer's pistol and pointed the gun at his own head. Before the appellant could further act, the platoon sergeant, the sergeant, the military police officer, and the Army SFC took the appellant to the ground and retrieved the pistol. During the scuffle, the pistol discharged, and a bullet lodged into a nearby wall. No one was injured. As the appellant was subdued and the pistol was removed from his grip, he again made several suicidal ideations.

## II. DISCUSSION

The appellant asserts that a bad-conduct discharge is inappropriately severe since his misconduct was related to a suicide attempt. We disagree.

We review sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). Despite our significant discretion in reviewing the appropriateness and severity of an adjudged sentence, we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

While noting the appellant's emotional distress, we find that his unfortunate reaction to his wife's alleged infidelity did not rise to a defense, a matter conceded by the appellant during his plea. Additionally, we agree with the military judge that his state of mind does little here to mitigate his reckless disregard for the safety of others. The police officers and command members were aware the appellant needed help and took appropriate steps to provide him medical care. However, while in the ER waiting room, the appellant not only removed the pistol from the military police officer's holster and ultimately fired a round, but also "flagged the crowd" in the process.[1]

As a result of the appellant's actions, everyone in the waiting area—including the three-year-old child seated across from him—was put at imminent risk of death or grievous bodily harm. Although no one was physically harmed, the record demonstrates the event had significant and lasting negative psychological effects on an ER clerk, on the Army SFC, and on her three-year-old son.

We have set aside a punitive discharge where otherwise meritorious Marines with mental health issues engaged in self-destructive criminal behavior, often manifesting in self-medication via illegal drug or excessive alcohol use. *United States v. Gober*, No. 201100632, 2012 CCA LEXIS 759, unpublished op. (N-M. Ct. Crim. App. 29 Mar 2012) (per curiam) (setting aside the punitive discharge for a Marine with Major Depressive Disorder and post-traumatic stress disorder (PTSD) convicted of illegal drug possession and use, unauthorized absence (UA), and violating a lawful general order); *United States v. Smith*, No. 200900239, 2009 CCA LEXIS 558

---

[1] Record at 64, 68; Prosecution Exhibit 1 at 5.

(N-M. Ct. Crim. App. 17 Dec 2009) (per curiam) (setting aside the punitive discharge for a Marine with PTSD, traumatic brain injury (TBI), and suicidal ideations convicted of illegal drug possession and use, UA, missing movement, and violating a lawful general order).

However, we have generally found a punitive discharge to be an appropriate punishment where Marines with such issues engaged in misconduct that put others at risk of harm or their criminal activity was indirectly related to their mental health issues. *United States v. Levrie*, No. 201500375, 2017 CCA LEXIS 150 (N-M. Ct. Crim. App. 17 Mar 2017) (per curiam) (Marine with PTSD and TBI convicted of joining a criminal motorcycle gang, 10 specifications of drug offenses, and participating in the assault of a fellow Marine); *United States v. Lo*, No. 201200401, 2013 CCA LEXIS 172 (N-M. Ct. Crim. App. 26 Feb 2013) (per curiam) (Marine with mental health issues convicted of cutting a fellow Marine with a knife).

Considering the nature and seriousness of the appellant's misconduct, the lasting impact on his victims, and having weighed the appellant's otherwise honorable service and the evidence submitted in extenuation and mitigation, we find that the sentence is appropriate for this offender and his offense. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling*, 14 M.J. at 268. Granting sentence relief at this point would be to engage in clemency, a function reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395–96.

### III. CONCLUSION

The findings of guilty and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court